| | |
|---|---|
| ROSA MORALES MADRID, | 6:16-CV-00047 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION |
| RICHARD ROBINSON, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

Pursuant to 8 U.S.C. § 1183a, Plaintiff brought suit to enforce the terms of an Affidavit of Support executed by Defendant on her behalf. Defendant has filed two motions to dismiss. First, Defendant argues that this court lacks subject matter jurisdiction because an action to enforce an Affidavit of Support is simply a contract suit under state law and does not arise under federal law.[1] Second, Defendant asserts that Plaintiff has failed to state a claim because she has not attached an executed copy of the Affidavit of Support to her complaint.

Courts have split over whether an action to enforce an Affidavit of Support arises under 8 U.S.C. § 1183a. However, the best reading of the statute is that it creates a federal cause of action, granting this court jurisdiction under 28 U.S.C. § 1331. Defendant's second argument lacks merit. He cites no authority for the proposition that failure to attach the executed Affidavit prevents a party from suing to enforce it, and the complaint easily meets the *Twombly*/*Iqbal* standard for stating a claim. Therefore, both motions will be denied.

---

[1] It is uncontested that diversity jurisdiction does not exist, as both parties are citizens of Virginia.

1

## I.  Facts as Alleged

The parties were married in Argentina in 2007 and have two daughters together, born in 2011 and 2012. (Dkt. 2 at 1-2). To enable Plaintiff to immigrate to the United States and achieve lawful permanent resident status without conditions, Defendant executed an Affidavit of Support (Form I-864) pursuant to 8 U.S.C. § 1183a. (*Id*. at 1). Under the terms of the Affidavit, Defendant promised to maintain Plaintiff's household at an income level exceeding 125% of the poverty level. (*Id*. at 2).

In 2015, a friend of Defendant exposed himself to one of the young daughters. (*Id*.) Defendant, however, refused to remedy the situation by preventing further contact with the friend. (*Id*.) Defendant's refusal initiated the dissolution of the marriage, as Plaintiff filed for custody of the children soon after. (*Id*.) Defendant then abandoned the marital home, and Plaintiff was ultimately granted custody of their children. (*Id*.) On July 27, 2016, Plaintiff filed for divorce. (*Id*.) Plaintiff now alleges that Defendant has failed to comply with the terms of the Affidavit because he has not maintained her household at 125% of the poverty level.

## II.  Discussion

### a.  Legal Background

Certain classes of immigrants are not admitted to the United States as permanent residents if they are likely to become a public charge. *See* 8 U.S.C. § 1182(a)(4). However, a current United States resident may sponsor an immigrant for permanent residency by executing an Affidavit of Support, created by filling out Form I-864. The Affidavit creates an enforceable contract wherein the sponsor (current United States resident) promises to financially support the sponsored alien (immigrant seeking residency) at 125% of the poverty level. *See* 8 U.S.C. §

2

1183a.[2] Either the United States or the sponsored alien may bring suit to enforce the Affidavit of Support against the sponsor. *See* 8 U.S.C. 1183a(e).

## b. Motion to Dismiss for Lack of Subject Matter Jurisdiction

### i. *Legal Standard*

Challenges to the subject matter jurisdiction of a complaint under Rule 12(b)(1) are either facial or factual. A facial challenge is one which argues that "the complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A factual challenge is one in which it is "contended that the jurisdictional allegations of the complaint were not true." *Id*. For facial challenges, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id*.

Here, the challenge is facial. Defendant asserts that Plaintiff's only avenue for subject matter jurisdiction is under 28 U.S.C. § 1331, but that her cause of action sounds in state contract law and does not arise under the laws of the United States. There are no disputed facts; the only question is whether an action to enforce an Affidavit of Support is one that arises under federal law. Therefore, the challenge is facial and the normal Rule 12(b)(6) standard will apply.[3]

### ii. *Analysis*

#### 1. Review of Case Law

In support of his position, Defendant relies on *Winters v. Winters,* 2012 U.S. Dist. LEXIS 75069 (M.D. Fla. Apr. 25, 2012), which expressly held that actions enforcing Affidavits of

---

[2] "No affidavit of support may be accepted . . . unless such affidavit is executed by a sponsor of the alien as a contract . . . in which the sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line . . . ." * U.S.C. § 1183a.

[3] *See infra* Subsection II.c.i, for a discussion of the Rule 12(b)(6) standard.

Case 6:16-cv-00047-NKM-RSB   Document 19   Filed 10/31/16   Page 3 of 10   Pageid#: 79

Support do not arise under federal law. The court noted that 8 U.S.C. § 1183a(e) only states that a sponsored alien may bring a claim in an "appropriate court." *Winters*, 2012 U.S. Dist. LEXIS, at *7. In contrast, the court asserted, other federal statutes that truly create a federal cause of action specify federal subject matter jurisdiction. *Id. See, e.g.* 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court . . . ."); 5 U.S.C. § 7123 (b) ("The Authority may petition any appropriate United States court of appeals for the enforcement of any order of the Authority . . . .").

Further, the *Winters* court reasoned that an interpretation of federal law is not required for adjudicating an I-864 suit. *Winters*, 2012 U.S. Dist. LEXIS, at *8-9. Under *Gully v. First National Bank*, 299 U.S. 109, 112 (1936), a case arises under federal law only if "it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *See also National Mut. Ins. Co. of Dist. of Col. v. Tidewater Transfer Co*., 337 U.S. 582, 597-598 (1949) (finding that federal jurisdiction "may not be invoked where the right asserted is non-federal, merely because the plaintiff's right to sue is derived from federal law, or because the property involved was obtained under federal statute . . . . The federal nature of the right to be established is decisive-not the source of the authority to establish it."). In the typical I-864 case, the *Winters* court argued, the dispute revolves around the interpretation of a contract whose creation may be mandated by federal law (the Affidavit of Support), but not the interpretation of the federal law itself. *Winters*, 2012 U.S. Dist. LEXIS, at *9.

Additionally, *Winters* specifically acknowledged several cases finding arising under jurisdiction for Form I-864 enforcement suits and declined to adopt their holdings. *Winters*, 2012 U.S. Dist. LEXIS, at *9 ("The Court is aware that several federal courts have entertained similar

4

support suits, explicitly finding subject matter jurisdiction to do so.") Therefore, this Court must decide whether to adopt the holding of *Winters* or of the other courts reaching the opposite conclusion.

The cases cited by Plaintiff in support of federal question jurisdiction, although providing less analysis than *Winters*, are far more numerous. Courts explicitly addressing subject matter jurisdiction generally hold that 8 U.S.C. §1183a(e)(1) creates a private federal cause of action that allows suits to arise under federal law. *See Wenfang Liu v. Mund*, 686 F.3d 418, 419 (7th Cir. 2012), *as amended* (July 27, 2012) ("The Immigration and Nationality Act, 8 U.S.C. § 1183a(e), authorizes suit 'in any appropriate court . . . by a sponsored alien' 'to enforce an affidavit of support executed under' section 1183a(a) . . . . The suit thus arises under federal law, making the federal district court an 'appropriate court' in which to bring the suit.").[4] One court has held that an action to enforce an Affidavit of Support was "asserting a violation of a right created by federal law." *Cheshire v. Cheshire*, No. 3:05-CV-453-J-32MCR, 2006 WL 617956, at *1 (M.D. Fla. Mar. 10, 2006). Others have stated that subject matter jurisdiction exists in Affidavit of Support enforcement cases because they "involve a federal statute."[5] A number of other courts have implicitly found federal question jurisdiction by addressing I-864 cases on the

---

[4]    *See also Montgomery v. Montgomery*, 764 F. Supp. 2d 328, 330 (D.N.H. 2011); *Courtade v. Pappalardo*, No. 14-CV-01594-JCS, 2014 WL 6450040, at *4 (N.D. Cal. Nov. 14, 2014); *Pavlenco v. Pearsall*, No. 13-CV-1953 JS AKT, 2013 WL 6198299, at *2 (E.D.N.Y. Nov. 27, 2013); *Mansour v. Shraim*, No. CIV. CCB-10-1729, 2011 WL 345876, at *2 (D. Md. Feb. 2, 2011); *Stump v. Stump*, No. 1:04-CV-253-TS, 2005 WL 2757329, at *8 (N.D. Ind. Oct. 25, 2005).*Tornheim v. Kohn*, No. 00 CV 5084 (SJ), 2002 WL 482534, at *2–3 (E.D.N.Y. Mar. 26, 2002).

[5]    *See Wang v. Tavernier*, No. 13 CIV. 4296 (PGG), 2014 WL 11353150, at *4 (S.D.N.Y. Sept. 26, 2014), *aff'd sub nom. Fen Wang v. Tavernier*, 621 F. App'x 83 (2d Cir. 2015); *Skorychenko v. Tompkins*, No. 08-CV-626-BBC, 2009 WL 3126379, at *3 (W.D. Wis. Sept. 28, 2009).

Case 6:16-cv-00047-NKM-RSB   Document 19   Filed 10/31/16   Page 5 of 10   Pageid#: 81

merits without any apparent diversity jurisdiction.[6]

In *Davis v. United States*, 499 F.3d 592, 594 (6th Cir. 2007), the court held that a *sponsor* could not bring a federal action relating to an Affidavit of Support because for sponsors, unlike for sponsored aliens, 8 U.S.C. § 1183a(e) did not create a federal "cause of action." Thus, the *Davis* court implicitly acknowledged that § 1183a *does* create a cause of action for a sponsored alien such as Plaintiff.[7]

The vast majority of cases addressing this issue have held that suits to enforce Affidavits of Support arise under federal law. At least four circuit courts and many more district courts have found, either explicitly or implicitly, that arising under jurisdiction exists for Form I-864 cases. In contrast, to my knowledge, only two federal courts have ever explicitly held the opposite.[8] While none of these cases are binding and this Court will conduct an independent analysis of its subject matter jurisdiction, the case law weighs heavily in Plaintiff's favor.

### 2. Plaintiff's Claim Arises Under Federal Law

Under 28 U.S.C. § 1331, a district court has subject matter jurisdiction to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." In *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013), the Supreme Court clarified the arising under inquiry and held that

---

[6]     *See, e.g. Hrachova v. Cook*, No. 5:09-cv-95-Oc-GRJ, 2009 U.S. Dist. LEXIS 102067, 2009 WL 3674851 (M.D. Fla. Nov. 3, 2009); *Shumye v. Felleke*, 555 F. Supp. 2d 1020, 1029 (N.D. Cal. 2008). *Younis v. Farooqi*, 597 F. Supp. 2d 552, 553 (D. Md. 2009); *Erler v. Erler*, No. CV-12-2793-CRB, 2013 WL 6139721, at *4 (N.D. Cal. Nov. 21, 2013), *vacated and remanded*, 824 F.3d 1173 (9th Cir. 2016).

[7]     *Davis* is actually cited by Defendant in support of his position. Defendant seemingly argues that because *Davis* acknowledged that Section 1183a does not create a cause of action for the sponsor, it also doesn't create one for the sponsored alien. In fact, *Davis* holds that a sponsor does not have a right to enforce because, *unlike for a sponsored alien*, there is not a specific statutory cause of action giving a sponsor the right to sue.

[8]     *See Vavilova v. Rimoczi*, 2012 U.S. Dist. LEXIS 183714, *9-10, 2012 WL 6802076 (M.D. Fla. Dec. 10, 2012) (citing *Winters v. Winters*, 2012 U.S. Dist. LEXIS 75069 (M.D. Fla. Apr. 25, 2012)).

6

one way a case may arise under federal law is "when federal law creates the cause of action asserted." In that case, the Court also suggested that a federal cause of action existed when it was "authorized by" federal law. *Id.*

In *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), the Court held that a federal statute created a cause of action within the meaning of 28 U.S.C. §1331 even when the cause of action specified only that suits may be brought in state court. *See* 42 U.S.C. § 227(b)(3) ("A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an *appropriate court* of that State . . . .") (emphasis added). The Court reasoned that actions brought under the statute arose under federal law because "federal law creates the right of action and provides the rules of decision." *Mims*, 132 S. Ct., at 748. The Court also stated that "there is no serious debate that a federal created claim for relief is generally a sufficient condition for federal-question jurisdiction." *Id.* (internal quotations omitted).

Here, a cause of action is created by 8 U.S.C. § 1183a(e)(1), which reads in relevant part: "An action to enforce an affidavit of support executed under subsection (a) may be brought against the sponsor in any appropriate court . . . by a sponsored alien, with respect to financial support . . . ." Under any formulation of the arising under standard, this federal statute "creates" or "authorizes" a private right of action to enforce an Affidavit of Support.

Further, the provision here is highly analogous to the one in *Mims*, in that the both authorize suit in an "appropriate court." In fact, the cause of action in *Mims* is more restrictive, as it also requires that the plaintiff's claim is "otherwise permitted by laws or rules of a court of a State" and specifies that the appropriate court is "of that State." *See* 42 U.S.C. § 227(b)(3). Therefore, if the private right of action at issue in *Mims* arises under federal law, then the enforcement mechanism found in 8 U.S.C. § 1183a(e)(1) must do so as well.

Defendant argues that the Affidavit of Support itself creates the cause of action, and thus an action to enforce the Affidavit is merely a contract suit. While it is true that "[g]enerally, the rights and obligations under the parties' contract are governed by state law," this argument is unavailing in this case. *Volt Info. Scis., Inc. v. Bd. of Trs.*, 489 U.S. 468, 474 (1989). As described in Subsection II.b.ii.1 above, the vast majority of case law weighs against Defendant's argument. Additionally, the fact that an Affidavit of Support is a contract does not negate the fact that §1183a(e) specifically grants the right to bring an action. *See Mims*, 132 S. Ct. at 748 (internal quotations omitted) ("[A] federally created claim for relief is generally a sufficient condition for federal-question jurisdiction.")

Further, Plaintiff cannot merely be asserting a state law contract claim to enforce the Affidavit of Support because the Affidavit itself does not fully describe the legal rights and obligations of the parties. For example, while both Form I-864 and 8 U.S.C. § 1183a state that the Affidavit is only enforceable for 40 quarters, only the statute contains certain limitations on counting those quarters, such as the limitation that periods worked while receiving means-tested public benefits do not qualify. *See* 8 U.S.C. § 1183a(a)(3). Similarly, in 8 U.S.C. § 1183a(c), the statute sets out specific federal remedies that may be obtained against a sponsor, but that go unmentioned in Form I-864. There is nothing in the Affidavit itself that would allow a state court adjudicating a contract action to order a judgment lien under 28 U.S.C. § 3201, yet Plaintiff undeniably does have a right to that federal statutory remedy for her claim.

Section 1183a(e)(1) creates a specific federal cause of action through which a sponsored alien may enforce their rights under an Affidavit of Support. Accordingly, this court has subject matter jurisdiction to adjudicate the claim under 28 U.S.C. §1331 and Defendant's motion to dismiss for lack of subject matter jurisdiction will be denied.

### c. Motion to Dismiss for Failure to State a Claim

#### i. *Legal Standard*

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded allegations. *See Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Stated differently, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

#### ii. *Analysis*

Defendant, in a two sentence argument, alleges that Plaintiff has failed to state a claim because she failed to attach a copy of the executed Form I-864 to the complaint. Plaintiff had only attached a blank copy of an I-864 form and indicated that it was substantially similar to the one filled out by Defendant. In response, Plaintiff contends that her complaint meets the pleading requirement under Rule 12(b)(6) because it plausibly states a claim despite the lack of the executed affidavit.

Defendant's motion cannot succeed under the Rule 12(b)(6) standard. Defendant provides neither reasoning nor legal authority to support his contention that failure to attach the executed Affidavit warrants the dismissal of the case. Plaintiff's complaint alleges sufficient

9

facts to make it plausible that (1) Defendant executed an Affidavit of Support on her behalf, and (2) Defendant has failed to abide by the terms of the Affidavit. Thus, Plaintiff has stated a claim on which relief can be granted.

## III.    Conclusion

Defendant's motion to dismiss for lack of subject matter jurisdiction will be denied because 8 U.S.C. § 1183a(e)(1) creates a federal cause of action for Plaintiff, making her claim one that arises under federal law within the meaning of 28 U.S.C. § 1331. This holding is in line with the vast majority of courts who have addressed this subject matter jurisdiction issue. Defendant's motion to dismiss for failure to state a claim merely makes a conclusory statement that Plaintiff's complaint is insufficient because it fails to attach the executed Affidavit of Support. However, under the Rule 12(b)(6) pleading standard, the document is not required and Plaintiff states sufficient facts to make out a claim. Accordingly, both motions will be **DENIED**.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion to all counsel of record.

Entered this ___31st___ day of October, 2016.


_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

10